UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEPHEN MCNEELEY,

      Plaintiff,

v.                              Case No:  2:12-cv-488-FtM-38DNF

FNU WILSON, FNU BERTUZZI,
FNU FENECH, FNU RISI, DEPUTY
COX, JOHN DOE 1, JOHN DOE 2
and JOHN DOE 3,

      Defendants.

_____/

**OPINION AND ORDER**[1]

**I.**

This matter comes before the Court upon review of Defendant Bertuzzi's motion to dismiss, or in the alternative motion for a more definite statement (Doc. #44).  After being granted several enlargements of time, Plaintiff filed a response (Doc. #68, Response) in opposition.  For the reasons that follow, the Court will grant Defendant Bertuzzi's motion to dismiss.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

## II.

Stephen McNeeley, a Florida prisoner, initiated this action by filing a pro se Civil Rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1).  Plaintiff brings the action against correctional officials from the Charlotte County Jail: Lieutenant Wilson, Corporal Bertuzzi, Deputy Fenech, Deputy Risi, Deputy Cox, and three unidentified correctional officials who are members of the cell extraction team.  See Complaint at 1-5.

The Complaint alleges that on September 5, 2008, Plaintiff's cellmate began "harassing" Plaintiff by banging on the bunk bed and wall.  Id. at 6. The cellmate told Plaintiff that he was going to "drive him crazy" from sun-up to sun-down.  Id.  Plaintiff told Deputies Carasso and Staub about his cellmate's "disorderly behavior," and the deputies told the cellmate to stop.  Id. at 6-7.  Plaintiff claims that Deputy Carassco instructed Deputy Staub to relocate Plaintiff's cellmate if he began banging again.  Id. at 7.    On September 6, Plaintiff alleges his cellmate began banging again; so, he talked to Deputy Long and explained that Carassco previously told Staub to move the cellmate and asked that Long relay to Staub the information that his cellmate was harassing him again.  Id.  Around 6 a.m., Staub told Plaintiff that his cellmate would be relocated. Around 4 p.m. that evening, Staub told Plaintiff that Defendant Bertuzzi would not permit relocating his cellmate.  Id. at 8.  Plaintiff claims that he asked to speak to Bertuzzi to no avail.  Id.

Plaintiff alleges that he became "irritated and agitated" that Defendant Bertuzzi would not relocate his cellmate.  Id.  As a result, Plaintiff states that he started covering up the window to the cell with paper to obstruct the deputies' view into the cell.  Id.  Plaintiff states that he told Staub that he would not take the paper down until he could

speak with Bertuzzi. Id. Staub left to report the incident to Bertuzzi. Id. Plaintiff claims that Officer Staub returned to his cell and told him that Bertuzzi said he did not care about the paper on the window and if he wanted to see him, to start kicking on the door. Id. Staub also warned Plaintiff that if Plaintiff kicked on the door, Bertuzzi told him to issue a "Code 10-56"[1] (officer needs assistance) and he would come with "mark 9's."[2] Id. Plaintiff alleges that he thought this was "a joke" and "in attempt to speak to Corporal Bertuzzi," he kicked on the door a couple of times. Id.

As a result of Plaintiff kicking the door, Deputy Staub issued a "code-56" and Defendants Bertuzzi and Fenech arrived at his cell with the "mark 9's." Id. Plaintiff alleges that he knew he would be sprayed, so he placed his mattress against the food portal opening. Id. Plaintiff alleges that Defendant Risi "violently thrust" a broom in and out of the cell while Defendant Fenech emptied two, mark 9 canisters of chemical agents, and two personal canisters, into the cell. Id. Defendants Risi and Fenech pulled the mattress through the portal. Plaintiff claims that a "2 1/2 to 3 foot" piece of the broom broke off inside the cell. Id.

Next, Plaintiff claims that Defendant Fenech told Plaintiff that if he surrendered "the stick," then Defendant Bertuzzi would relocate him to a different cell. Id. Plaintiff alleges that he said he said he would only relocate if the officers video recorded the move. Id. at 10. The officers denied Plaintiff's request to record the move. Id. As a result, Plaintiff claims he was left in the cell for over an hour with the chemical agents on

---

[1]Plaintiff explains that a "code 10-56" is the code for officer needs assistance. Complaint at 8.

[2] Plaintiff explains that "mark 9's" are chemical agents contained in large, riot-sized containers. Id.

his body until the cell extraction team arrived for a forced cell extraction. Id. The cell extraction team entered the cell, "tied-up" Plaintiff, and carried him downstairs for placement in a physical restraint chair. Id.

Plaintiff claims Nurse Lori told the officers that Plaintiff needed a shower to rinse off the chemical agents, but the officers ignored her. Id. After three hours in the restraint chair, Plaintiff alleges Defendant Wilson arrived and asked Plaintiff "whether he had enough." Id. Wilson also told Plaintiff that he was going to be returned to the same cell. Id. at 11. Wilson left and thereafter members of the cell extraction team arrived, released Plaintiff from the chair, and he was permitted a five minute shower to rinse off the chemical agents. Id. Plaintiff claims he was returned to the same cell, which was still contaminated with the chemical agents. Id. Plaintiff alleges that he only had a uniform and a mattress, but no running water, no hygiene items, no toilet paper, and no bed linens for two days. Id. at 11-12. As relief, Plaintiff seeks monetary damages and declaratory relief. Id. at 15.

### III.

The gravamen of the Complaint is that Defendants used excessive force on Plaintiff in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.[3] With respect to Defendant Bertuzzi, the Complaint also alleges:

> Corporal Bertuzzi, on September 7, 2008, acting under the color of state law and as supervisor failed to eliminate the harassment plaintiff was being subjected too [sic] and conspired with Deputy Staub to get plaintiff to kick on the door so unjust and excessive force could be used.

---

[3]Whether Plaintiff was a pretrial detainee at the county jail and his rights arose under the Fourteenth Amendment, or already convicted and his rights arose under the Eighth Amendment, the standard is the same. Marsh v Butler Cnty., Ala., 268 F.3d 1014, 1024, n. 5 (11th Cir. 2001)(en banc).

Complaint at 12.

Defendant Bertuzzi moves to dismiss, or in the alternative moves for a more definite statement regarding the conspiracy and harassment claims.[4]   See Motion. Bertuzzi states that based upon the allegations in the Complaint, it appears he is named only in his individual capacity.   Id. at 1.   Bertuzzi argues the Complaint fails to include factual allegations supporting a conspiracy claim.   Id. at 4.   With regard to the harassment claim, Bertuzzi argues that the United States Constitution does not provide a right to be free from harassment.   Id. at 5.   And, the Complaint fails to state a claim to the extent the Complaint alleges Bertuzzi failed to remove the inmate who was "harassing" Plaintiff from his cell.

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed.   La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).   Thus, the Court must accept all factual allegations in Plaintiff's Complaint as true and take them in the light most favorable to the plaintiff.   Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008).   Conclusory allegations, however, are not entitled to a presumption of truth.   Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)(discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

---

[4]After filing the instant Motion, Bertuzzi filed an Answer to the failure to intervene and excessive force claims.  Motion at 1, n. 1.

The Court employs the Twombly-Iqbal plausibility standard when reviewing a complaint subject to a motion to dismiss. Randall v. Scott, 610 F.3d 701, 708, n. 2 (11th Cir. 2010). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007); Marsh, 268 F.3d at 1036 n.16. Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level." See Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965, 1968-69 (citations omitted) (abrogating Conley, 355 U.S. 41 in part). Additionally, there is no longer a heightened pleading requirement. Randall, 610 F.3d at 701. Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

**IV.**

In any § l983 action, the initial inquiry must focus on whether the two essential elements to a § l983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States.  Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by, Daniels v. Williams, 474 U.S. 327 (1986); Burch v. Apalachee Community Mental Health Services, Inc., 840 F.2d 797, 800 (11th Cir. 1988), aff'd by, Zinermon v. Burch, 494 U.S. 113 (1990).

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.), reh'g and suggestion for reh'g en banc denied, 98 F.3d 1355 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).

To prove conspiracy under 42 U.S.C. § 1983, "a plaintiff must show an underlying actual denial of his constitutional rights" and "prove that the defendants reached an understanding to deny the plaintiff's rights."  Hadley v. Gutierrez, 526 F.3d 1324, 1332 (11th Cir. 2008)(citations omitted).  Here, Plaintiff alleges Bertuzzi conspired with Deputy Staub to keep Plaintiff housed with his cellmate, who was driving him crazy, and to get Plaintiff to kick on his cell door.  Complaint at 12; see also Response. Plaintiff believes this was done so that Defendant Bertuzzi could use "unjust and excessive force" on him. Id.  Plaintiff fails to explain what constitutional right was violated by Defendant's decision not to remove his cellmate from the cell.  To the extent the Court can construe the Complaint as bringing a conditions of confinement claim based on Plaintiff's placement with an annoying cellmate, the Supreme Court recognizes that a prisoner may challenge a condition of confinement.  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  A two prong showing is required: an objective

deprivation or injury that is "sufficiently serious" to constitute a denial of the "minimal civilized measure of life's necessities" and a subjective showing that he official had a "sufficiently culpable" state of mind.  Thomas v. Bryant, 614 F.3d 1288, 1303 (11th Cir. 2010)(citations omitted).  "Because the Eighth Amendment draws its meaning from the evolving standards of decency that mark the progress of a maturing society," the objective harm inquiry is contextual in that it is responsive to contemporary standards. Id. at 1304 (citations omitted).  "Extreme deprivations" are required to make out a claim for an unconstitutional condition of confinement.  Id. at 1304.  The Court finds that being housed with an annoying cellmate does not amount to conditions that are so extreme as to violate the Eighth Amendment.  See e.g. Croom v. Wagner, Case No. 06-1431, 2006 WL 2619794 *6 (E.D. Pa. Sept. 11, 2006)(finding housing arrangement with a cellmate who annoyed the plaintiff by banging and saying racial slurs, did not subject plaintiff to the type of harm protected by the Eighth Amendment).  Therefore, Plaintiff's conspiracy claim fails because there was no underlying actual denial of Plaintiff's constitutional rights. Plaintiff's conspiracy claim also fails because he has not alleged sufficient facts to show that defendants reached an understanding to deny Plaintiff his rights. Threadbare assertions of alleged constitutional violations, without further factual support, are insufficient to state a claim for relief.   Iqbal, 556 U.S. at 678-79. Significantly, Plaintiff had a choice whether or not he would kick his cell door and Bertuzzi did not know Plaintiff would kick his door.

Likewise, the Complaint fails to state a claim against Bertuzzi for harassment. The Complaint clearly alleges that it was Plaintiff's cellmate who was "harassing" him by banging on the bunk bed and the wall on September 4, 2008.  Complaint at 5.  Similar

to a conspiracy claim, a harassment claim under § 1983 is not actionable by itself and can only be maintained if a defendant deprived a plaintiff of a right secured by the Constitution, or federal law.  Mullinax v. McElhenney, 672 F.Supp. 1449, 1452 (N.D. Ga. 1987)(discussing conspiracy, attempted entrapment, harassment, and discrimination claims under 42 U.S.C. § 1983).  As discussed supra, Defendant Bertuzzi's failure to remove Plaintiff's annoying cellmate, who Plaintiff states was "harassing" him, does not amount to a violation of the Eighth Amendment.  Accordingly, the Complaint fails to state a harassment claim against Bertuzzi.

ACCORDINGLY, it is hereby

**ORDERED**:

1.  Defendant Bertuzzi's motion to dismiss the conspiracy and harassment claim (Doc. #44) is **GRANTED**.  The case proceeds against Bertuzzi as to all remaining claims alleged in the Complaint.

2.  Defendant Bertuzzi's motion for a more definite statement (Doc. #44) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 27th day of September, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: alj
Copies: All Parties of Record