UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEPHEN MCNEELEY,

       Plaintiff,

v.                                          Case No:   2:12-cv-488-FtM-38DNF

NORMAN WILSON, SERGIO
BERTUZZI, ANTHONY FENECH,
NICHOLAS RISI, DAVID COX and
MARK GEYER,

       Defendants.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court upon review of defendants' motion to dismiss plaintiff's second amended complaint (Doc. #167, Motion), filed April 15, 2015. Plaintiff filed a response to the motion (Doc. #170).[2] This matter is ripe for review.

I.

Plaintiff Stephen McNeeley, a Florida prisoner, initiated this action by filing a *pro se* Complaint pursuant to 42 U.S.C. § 1983 alleging a violation of his rights under the

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

[2] Defendants filed a reply (Doc. #171) without leave of court. See Local Rule 3.01(c) (M.D. Fla. 2009). Thus, the Court strikes defendants' reply.

Eighth Amendment when correctional officials applied excessive chemical agents, *inter alia*, on September 7, 2008 at the Charlotte County Jail.  In November 2014, the Court found exceptional circumstances necessitated the appointment of counsel for plaintiff. See Doc. #139.

Plaintiff is now proceeding on his Second Amended Complaint (Doc. #160) filed by appointed counsel.  The Second Amended Complaint includes the following ten counts: Count I-Eight Amendment claim stemming from use of excessive force against defendant Bertuzzi; Count II-Eighth Amendment claim stemming from indifference to serious medical needs against defendant Bertuzzi; Count III-Eighth Amendment claim stemming from the failure to train or supervise correctional officials against defendants Bertuzzi and Wilson; Count IV-Eighth Amendment claim stemming from unlawful conditions of confinement against defendants Wilson and Bertuzzi; Count V-Assault and battery claim against defendant Bertuzzi; Count VI-Eighth Amendment claim stemming from application of chemical agents against defendant Fenech; Count VII-Eighth Amendment claim of indifference to serious medical condition against defendants Fenech, Cox, Geyer, and Risi; Count VIII-Assault and battery claim against defendant Fenech; Count IX-Eighth Amendment claim stemming from excessive force by defendant Risi; Count X- Assault and battery claim against defendant Risi.

II.

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed.  La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).  Thus, the Court must accept all factual allegations in Plaintiff's Complaint as

true and take them in the light most favorable to plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1951 (2009)(discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

The Court employs the Twombly-Iqbal plausibility standard when reviewing a complaint subject to a motion to dismiss. Randall v. Scott, 610 F.3d 701, 708, fn. 2 (11th Cir. 2010). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007); Marsh, 268 F.3d at 1036 n.16. Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level." See Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965, 1968-69 (citations omitted) (abrogating Conley, 355 U.S. 41 in part). Additionally, there is no longer a heightened pleading requirement. Randall, 610 F.3d at 701.

III.

Defendants move to dismiss all of the assault and battery counts (Counts V, VIII, and X), arguing that they are duplicative of the federal claims for excessive force. See Motion at 2-4. Defendants further move to dismiss the noise torture portion of Count IV. Id. at 2, 5. Defendants submit that noise torture does not rise to the level of a constitutional violation. Id. at 5-6. Plaintiff concedes dismissal of the assault and battery counts. Response at 1. Plaintiff, however, argues that the noise torture portion of Count IV should remain at this stage of the proceedings. Id. at 4 (citing Hargrove v. Henderson, Case No. 95-cv-1601-T-17A, 1996 WL 467516 *21 (M.D. Fla. Aug. 13, 1996)(citing cases)).

At the outset, in light of plaintiff's concession that the assault and battery counts should be dismissed, the Court grants defendants' motion with respect to those counts. Turning to the cruel and unusual conditions of confinement in Count IV, including the noise torture allegations, the Supreme Court recognizes that a prisoner may challenge a condition of confinement, Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A two prong showing is required: an objective deprivation or injury that is "sufficiently serious" to constitute a denial of the "minimal civilized measure of life's necessities" and a subjective showing that he official had a "sufficiently culpable" state of mind. Thomas v. Bryant, 614 F.3d 1288, 1303 (11th Cir. 2010)(citations omitted). "Because the Eighth Amendment draws its meaning from the evolving standards of decency that mark the progress of a maturing society," the objective harm inquiry is contextual in that it is responsive to contemporary standards. Id. at 1304 (citations omitted). "Extreme deprivations" are required to make out a claim for an unconstitutional condition of

confinement.  Id. at 1304.    Courts have recognized that complaints of excessive noise in a prison setting can amount to an Eighth Amendment violation.  Hargrove, * 21 (citing cases)(finding violation of Eighth Amendment when the situations involved "incessant noise throughout the night, measurable beyond acceptable decibel levels, that resulted in possible hearing loss, inability to sleep, and endless tension and agitation within the cellblocks such that the noise was tantamount to an infliction of pain.").

Here, the Second Amended Complaint alleges that a nearby cellmate created a "great noise disturbance" on several occasions.  Second Amended Complaint at 5. Plaintiff and other inmates complained about the noise.  Id.  "During the late night hours of September 6, 2008 and morning hours of September 7, 2008, [the nearby cellmate] started his noise disturbances again." Id.  The noise interfered with plaintiff's ability to sleep.  Id. at 5.  Correctional officials were aware of the noise complaints lodged by plaintiff and other inmates.  Id. at 5-6.   Further, the noise torture is only one allegation of many of the alleged unlawful conditions of confinement at the Charlotte County Jail. Based on the foregoing, the Court finds sufficient allegations at this stage of the proceedings to allow the claim to proceed.  Defendants' motion to dismiss the noise torture portion of Count IV is denied.

ACCORDINGLY, it is hereby

**ORDERED:**

1.  Defendants' reply (Doc. #171) is stricken for failure to comply with Local Rule 3.01(c) (M.D. Fla. 2009).

2.  Defendants' motion to dismiss (Doc. #167) is **GRANTED in part and DENIED in part**.  With respect to the assault and battery counts (Counts V, VIIII, and X), the motion is **GRANTED**.   Otherwise, the Motion is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 12th day of June, 2015.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

FTMP-1
Copies: All Parties of Record