UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEPHEN MCNEELEY,

    Plaintiff,

v.                                                      Case No:   2:12-CV-488-FtM-38MRM

NORMAN WILSON, SERGIO
BERTUZZI, ANTHONY FENECH,
NICHOLAS RISI, DAVID COX,
MARK GEYER, CHARLOTTE
COUNTY SHERIFF'S OFFICE. and
SHERIFF OF CHARLOTTE
COUNTY, FLORIDA,

    Defendants.
_____/

## ORDER

This case brought pursuant to 42 U.S.C. § 1983 is before the Court on Plaintiffs' Motion to Strike Defendants Norman Wilson, Mark Geyer, Nicholas Risi, Anthony Fenech, and Sergio Bertuzzi's First and Sixth Affirmative Defenses and to Strike Defendant Sheriff of Charlotte County's Tenth and Eleventh Affirmative Defenses (Doc. 344). Defendants have filed Responses (Docs. 355 & 356) to the motion. As set forth below, the motion is denied.

I. Procedural History

This case involves allegations of several Eighth Amendment violations, including claims of deliberate indifference to serious medical needs and use of excessive force. Plaintiff initiated this action *pro se* on September 4, 2012, by filing a Civil Rights Complaint (Doc. 1) against Defendants Sergio Bertuzzi, David Cox, Anthony Fenech, Nicholas Risi, and Norman Wilson—all of whom worked at the Charlotte County Jail, where Plaintiff was incarcerated—as well as three "John Doe" Defendants. Two years later, Plaintiff filed a

*pro se* Amended Complaint (Doc. 123) removing the John Doe Defendants and adding Defendant Mark Geyer. Following difficulties with discovery and a videoconference hearing, Magistrate Judge Douglas N. Frazier appointed counsel for Plaintiff. (Doc. 139). With leave of court, (see Doc. 159), appointed counsel filed a Second Amended Complaint (Doc. 160) on April 3, 2015, naming in the caption the same Defendants as did the Amended Complaint but also mentioning the Charlotte County Jail and the Charlotte County Sheriff's Office in its description of "Defendants," (id. at 1). After the parties filed cross-motions for summary judgment, appointed counsel moved to file a Third Amended Complaint. (Doc. 228). The Court granted in part and denied in part that request in its September 2, 2015 Order denying all motions for summary judgment. (Order, Doc. 279, at 22–23). Plaintiff's counsel filed the Third Amended Complaint (Doc. 285) on September 4, 2015, including the Charlotte County Jail and the Charlotte County Sheriff's Office as Defendants in the caption.[1]

On September 10, 2015—the day before the scheduled final pretrial conference before the Honorable Sheri Polster Chappell—Defendants Bertuzzi, Cox, Fenech, Risi, Wilson, and Geyer appealed the denial of their motion for summary judgment to the extent it was based on their defense of qualified immunity. (Notice of Appeal, Doc. 293). On September 25, 2015, Judge Chappell granted Defendants' motion to stay the case pending appeal and directed the Clerk to terminate the then-pending motions to dismiss while the case was stayed. (Order, Doc. 315).

---

[1] In a September 2, 2015 Order denying a motion for protective order and to quash subpoena by the Sheriff, the Court concluded that "the Sheriff is a party in this case" because "this action is against the correctional officer defendants in both their individual and official capacities." (Doc. 278 at 3 & 4).

On May 2, 2016, the Court of Appeals for the Eleventh Circuit affirmed in part and reversed in part the summary judgment order and remanded the case for further proceedings consistent with that opinion. (Doc. 320). That opinion was issued as the mandate of the appellate court on June 1, 2016, (Doc. 321), and Judge Chappell lifted the stay effective that date, (Order, Doc. 326). Consistent with the Eleventh Circuit's ruling, Judge Chappell granted summary judgment to Defendants Wilson and Bertuzzi on Plaintiff's unlawful conditions of confinement claim[2] and granted summary judgment to Defendants Fenech and Cox on Plaintiff's claim of deliberate indifference to serious medical condition against these two Defendants.[3] (Order, Doc. 326).

After holding a status conference on June 9, 2016, Judge Chappell dismissed the Charlotte County Sheriff's Office and the Charlotte County Jail from the case but ruled that "[t]he suit continues against the Charlotte County Sheriff because the action named the correctional official defendants in their individual and official capacities." (Order, Doc. 329, at 4). Judge Chappell ordered the Sheriff to file a motion to dismiss or an answer by June 27, 2016, (id.), and the Sheriff filed an Answer (Doc. 330) on that date, as did individual Defendants Bertuzzi, Fenech, Risi, Geyer, and Wilson, (Docs. 332–336).[4] In

---

[2] Count IV of the Second Amended Complaint and Third Amended Complaint.
[3] Count VII of the Second Amended Complaint and Count VI of the Third Amended Complaint. This count remains pending against Defendants Geyer and Risi. The Order (Doc. 326) also referred to Count II of the Second Amended Complaint and Count II of the Third Amended Complaint, but the Court later clarified that the reference to Count II was in error because Count II pertains only to Defendant Bertuzzi rather than to Defendant Fenech or Defendant Cox, (see Order, Doc. 353, at 4).
[4] These Defendants (all but Cox) also filed motions to dismiss (Docs. 331 & 337) Counts VIII and IX of the Third Amended Complaint, which sought, respectively, declaratory and injunctive relief. Judge Chappell granted those motions and dismissed Counts VIII and IX without prejudice based on mootness. (Doc. 352).

those Answers, the Defendants assert numerous affirmative defenses, several of which are the subject of the motion to strike (Doc. 344) that is now before the Court.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(f), "[t]he Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are disfavored and will be denied unless the matter sought to be stricken has no possible relation to the controversy, may confuse the issues, or may cause prejudice to one of the parties. Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995). But, if appropriate, a motion to strike should be granted "in order to avoid unnecessary time and money in litigating invalid, spurious issues." Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976). "While the Court has broad discretion in disposing of motions to strike, [such motions] are granted only where clearly warranted." Id. (citations omitted).

## III. Analysis

Plaintiff asserts that the non-Sheriff Defendants' first and sixth affirmative defenses and the Sheriff's tenth and eleventh affirmative defenses should be stricken because they "violate the 'law of the case' doctrine" and "serve no purpose other than to confuse and muddle the issues and needlessly waste judicial and litigant time and resources." (Doc. 344 at 1–2). Upon review of the record, the Court does not find any of these defenses barred by the "law of the case" doctrine—pursuant to which "both the district court and the appellate court are generally bound by a prior appellate decision of the same case," Venn v. St. Paul Fire & Marine Ins. Co., 99 F.3d 1058, 1063 (11th Cir. 1996)—or that striking any of them is otherwise warranted.

First, Plaintiff contends that the defense of qualified immunity set forth in the non-Sheriff Defendants' first affirmative defense is barred by the law of the case because this Court and the Eleventh Circuit Court of Appeals "have already adjudicated this issue and found that the Defendants are not entitled to qualified immunity." (Doc. 344 at 3). However, this Court and the appellate court found that the Defendants were not entitled to summary judgment on the qualified immunity defense based on disputed issues of fact that require trial. Neither court found that this defense was no longer potentially available to these Defendants. See Bennett v. Hendrix, 325 F. App'x 727, 736 (11th Cir. 2009) ("When a district court denies a qualified immunity defense on summary judgment, a defendant may raise the defense again in a Rule 50 motion."). Moreover, qualified immunity is not an issue that will be presented to the jury. See, e.g., Ansley v. Heinrich, 925 F.2d 1339, 1348 (11th Cir. 1991) ("If the district court's denial of the motion for summary judgment [on the qualified immunity defense] is affirmed on appeal, the case goes to trial without mention of the affirmative defense of qualified immunity.").[5] Striking of this defense is not necessary to avoid confusion or unnecessary litigation.

Second, Plaintiff argues that the non-Sheriff Defendants' sixth affirmative defense—failure to exhaust administrative remedies—is barred by law of the case. However, the Eleventh Circuit did not address this issue because Defendants' appeal pertained only to the issue of qualified immunity, which, unlike most other issues, is interlocutorily appealable. See Oladeinde v. City of Birmingham, 230 F.3d 1275, 1288 (11th Cir. 2000) ("The law of the case doctrine, however, bars consideration of 'only those legal issues that were actually, or by necessary implication, decided in the former

---

[5] Under the circumstances of this case, the qualified immunity defense will likely merge with the issue of whether these Defendants committed a constitutional violation—a determination that will be made by the jury.

proceeding . . . .'" (alteration in original) (quoting In re Justice Oaks II, Ltd., 898 F.2d 1544, 1549 n.3 (11th Cir. 1990))). Moreover, this is not an issue that would be presented to the jury for resolution in any event; in the final pretrial statement, the parties list exhaustion as a remaining issue of law. (Doc. 376 at 17). Striking of this defense is not necessary to avoid confusion of issues or otherwise.

Finally, Plaintiff seeks to strike the Sheriff's tenth and eleventh affirmative defenses—respectively, the statute of limitations and lack of personal jurisdiction based on failure to properly name or serve. Plaintiff contends that the Court has already ruled on these issues by concluding that the Sheriff has been a party to this case since its inception because the claims of the initially-*pro se* Plaintiff could fairly be read as either individual capacity claims or official capacity claims. The Court agrees that it has ruled that the Sheriff is a party, but the Court also finds that no purpose would be served by striking these defenses at this point. As noted in the Sheriff's response, these affirmative defenses raise questions of law and do not require jury consideration. (Doc. 356 at 4).

IV. Conclusion

In accordance with the foregoing, it is **ORDERED** that Plaintiffs' Motion to Strike Defendants Norman Wilson, Mark Geyer, Nicholas Risi, Anthony Fenech, and Sergio Bertuzzi's First and Sixth Affirmative Defenses and to Strike Defendant Sheriff of Charlotte County's Tenth and Eleventh Affirmative Defenses (Doc. 344) is **DENIED**.

DONE and ORDERED on August 31st, 2016.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

FTMP-1
Copies: All Parties of Record