UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEPHEN MCNEELEY,

   Plaintiff,

v.              Case No: 2:12-cv-488-FtM-38MRM

NORMAN WILSON, SERGIO
BERTUZZI, ANTHONY FENECH,
NICHOLAS RISI, MARK GEYER and
SHERIFF OF CHARLOTTE
COUNTY, FLORIDA,

   Defendants.
_____/

## ORDER

Before the Court is Defendants' joint motion for costs (Doc. 425) filed under Federal Rule of Civil Procedure 54(d), 28 U.S.C. § 1920, and Middle District of Florida Local Rule 4.18. Plaintiff, who is now proceeding pro se, did not file a response to the motion. For the reasons that follow, the Court will grant in part and deny in part Defendants' motion.

I.

Defendants, who are the prevailing parties, filed a joint motion for costs. Defendants contend that they are entitled to recover costs against Plaintiff pursuant to Rule 54, Federal Rules of Civil Procedure and Local Rule 4.18 (M.D. Fla. 2009). In support, Defendants submit a bill of costs and receipts, claiming entitlement to $14,449.49 in total costs. According to Defendants' motion, their costs are categorized as follows: (1) fees for printed or electronically recorded transcripts totaling $10,577.20; (2) printing

fees totaling $1,539.85; (3) witness fees totaling $208.54; and (4) fees for exemplification and costs of making copies totaling $2,123.90.

II.

As background, Plaintiff is currently serving a life sentence while in the custody of the Secretary of the Florida Department of Corrections. Plaintiff initiated this action by filing a pro se 42 U.S.C. § 1983 Civil Rights Complaint Form alleging in pertinent part an excessive use of force claim stemming from an incident that occurred while Plaintiff was detained at the Charlotte County Jail. The Court granted Plaintiff's motion to proceed *in forma pauperis* and two years into litigation granted Plaintiff's motion to appoint counsel. Doc. 139. The case ultimately proceeded to a five-day jury trial. At trial, the Charlotte County Sheriff moved for judgment on the pleadings (Doc. 408), which the Court granted (Doc. 409). The question of liability as to the remaining correctional officer defendants went to the jury. The jury returned a defense verdict. Doc. 420.

III.

Federal Rule of Civil Procedure 54(d) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). There is a presumption arising from Rule 54(d)(1) that costs are to be taxed in favor of a prevailing party. Fed. R. Civ. P. 54(d)(1) (emphasizing that absent a federal statute or rule of court, costs "should be allowed" to the prevailing party). "To defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so." Chapman v. AI Transport, 229 F.3d 1012, 1039 (11th Cir. 2000) (*en banc*). "[A] non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)." ANG v.

Coastal International Sec. Inc., 417 F. App'x 836, 838 (11th Cir. 2011) (citations omitted). However, if considering financial status, the Court "must require substantial documentation of a true inability to pay." Id.

Title 28 U.S.C. § 1920 enumerates the costs that may be taxed at the discretion of the court. Crawford Fitting Co. v. J.T. Gibbons Inc., 482 U.S. 437, 441 (1987). Costs that may be awarded under § 1920 include: "(1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; [and] (4) fees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920. In the exercise of sound discretion, the court is accorded great latitude in ascertaining taxable costs. E.E.O.C v. W&O, Inc., 213 F.3d 600, 621 (11th Cir. 2000). However, such costs may not exceed those permitted by 28 U.S.C. § 1920. Matthews v. Crosby, 480 F.3d 1265, 1276 (11th Cir. 2007)(citations omitted); see also Crawford, 482 U.S. at 445 (stating "absent explicit statutory or contractual authorization for the taxation of the expense of a litigants' witnesses as costs, the federal courts are bound by the limitations set out in 28 U.S.C. § 1820 and § 1920.").

## IV.

Defendants in this case are considered the prevailing parties because the Court granted the Defendant Sherriff's motion for judgment on the pleadings at trial and the jury returned a defense verdict for the remaining defendants. Defendants seek reimbursement of the following costs:

## A. Fees for Printed or Electronically Recorded Transcripts

Defendants seek reimbursement for $10,577.20 in costs for the transcript of the January 20, 2015 hearing before Judge Chappell, the transcript of Plaintiff's criminal hearings, and the deposition transcripts of: Mark Geyer, Stephen McNeeley, Sergio Bertuzzi, Norman Wilson, Anthony Fenech, David Cox, Dale Speicher, Nicholas Risi, Lorrie Gordan Scheribung, R.N., Daniel Staub, Chistopher Wertenbach, William Gaut, Dr. Richard Lipsey, Lori Butts, Ph.D., and Terry Jones. Doc. 425 at 3-4. Defendants note that they have deducted from their request the costs for "shipping and handling/delivery as well as for condensed transcripts." Id. at 3, n. 1.

The Court first addresses Defendants' request for deposition transcript costs. A prevailing party may tax the costs for a deposition. 28 U.S.C. § 1920(2); W&O, Inc, 213 F.3d at 620. However, deposition costs are not taxable when the "costs were merely incurred to convenience, to aid in thorough preparation, or for purposes of investigation only." Id. (internal quotation marks omitted). Thus, in order to recover the costs for a deposition, it must have been, in whole or part, "necessarily obtained for use in the case," which is a factual question. Id. at 621 (internal quotation marks omitted).

Defendants' motion does not provide any facts to explain how each of the listed depositions were in whole, or in part, necessarily obtained for use in the case. The Court notes that five of the sixteen depositions are defendants, or parties in interest, in this case.[1] There is no consensus among the courts as to whether costs for depositions of parties in interest may be taxed. Id. at 622 (citations omitted). Rather, the Eleventh Circuit has generally applied the "necessarily obtained for use in a case" standard. W &

---

[1] Defendants Bertuzzi, Fenech, Risi, Wilson, and Geyer.

O, Inc., 213 F.3d at 622 (citations omitted). One factor the Court may consider to determine whether the depositions were necessarily obtained for use in the case is when the party is listed on the losing party's witness list. Id. at 621.

Plaintiff's witness list included twelve of the sixteen individuals of whom Defendants seek reimbursement for deposition transcript costs: (1) Mark Geyer; (2) Stephen McNeeley; (3) Sergio Bertuzzi; (4) Norman Wilson; (5) Anthony Fenech; (6) David Cox; (7) Dale Spiecher; (8) Nicolas Risi; (9) Lorrie Gordon Schreibung, R.N.;[2] (10) Daniel Staub; (11) Christopher Wertenbach; and (12) Terry Jones. See Doc. 400-4. Thus, the Court grants Defendants' motion for taxation of costs associated with these aforementioned twelve transcripts of depositions totaling **$7761.80**.

Defendants also seek the costs for the deposition transcripts of William Gaut, Ph.D., Dr. Richard Lipsey, and Lori Butts, Ph.D., without further explanation. Doc. 425 at 4. The Court's independent review reveals that these individuals do not appear on Plaintiff's witness list. Because the Court is unable to decipher based upon the instant motion how the depositions of Gaut, Lipsey, and Butts were necessarily obtained for use in this case, Defendants' motion for taxation of costs is denied as to these individuals.

Additionally, Defendants seeks costs for the transcript of the January 20, 2015 hearing before the Honorable Sheri Polster Chappell, United States District Judge, and the transcript of Plaintiff's criminal hearings in the Florida courts. Id. at 4. Under section

---

[2] The Court notes that Schreibung's deposition transcript costs are requested twice. The second time due to Plaintiff's emergency motion for witness tampering, which the Court denied after holding a hearing. Docs. 396, 401, entry dated Sept. 8, 2006. Those costs are included in the $7761.80.

1920 (2) hearing transcript costs are recoverable if they are necessarily obtained for use in the case. Watson v. Lake County, 492 F. App'x 991, 997-998 (11th Cir. 2012).

A review of the docket reveals that Judge Chappell's hearing on January 20, 2015 was a "Preliminary Pretrial Conference hearing" during which the docket explains that the parties discussed future case management and scheduling deadlines. Defendants' motion does not explain why this hearing, during which deadlines were discussed, was necessarily obtained for use in the case. Likewise, considering the case involved various alleged Constitutional violations stemming from the correctional officials excessive use of chemical agents while Plaintiff was held as a pre-trial detainee at the county jail, it is unclear how his criminal hearing transcripts were necessarily obtained for use in the case. Thus, the Court denies Defendants' motion for taxation of costs associated with these hearing transcripts.

### B. Printing or Photocopying

Defendants seeks reimbursement of costs totaling $1,539.85 for their numerous public records requests[3] and $2,123.90 for unspecified copies. In determining whether copying costs are taxable under section 1920(4), "the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." W&O Inc., 213 F.3d at 623. One such category of taxable costs is "[c]opies

---

[3] Defendants' public records requests include: (1) Pinellas County Clerk of Court, Public Records Request for unspecified criminal records; (2) Wexford Health Sources Inc., Plaintiff's medical records from Dade Correctional Institution; (3) Florida Department of Corrections, Plaintiff's Jail Records; (4) Charlotte County Clerk of Court, Case No. 2007CF2250; (5) Florida Department of Corrections, Personnel Files/Disciplinary Files for Fenech, Bertuzzi, and Geyer; (6) Florida Department of Corrections, Personnel file for Daniel Staub; (7) State Attorney's Office, Public Records Request, and (8) Florida Department of Corrections, Public Records for Ronald McAndrews.

attributable to discovery." Id. (citation omitted). Other categories include: "copies of pleadings, correspondence, and other documents tendered to opposing parties [and] copies of pleadings, motions and memorandum which were provided to the court." Horton Homes, Inc. v. U.S., Case No. 5:01-cv-130-2(W), 2004 WL 1719354 *2 (M.D. Ga. June 20, 2004). The burden is on the prevailing party to establish the nature of the documents and how they were used or intended to be used in the case. Scelta v. Delicatessen Support Servs., Inc., 203 F. Supp. 2d 1328, 1340 (M.D. Fla. 2002).

Here, the Court denies Defendants' request to tax costs for these aforementioned copies. Aside from listing the various public records inquiries and associated costs, Defendants have not established the nature of the documents and how they were used in this case. Instead, Defendants merely refer the Court to a litany of copy expenses from a company named Alternative Legal. Doc. 425 at 4-5. Accordingly, the Court denies this portion of the Defendants' motion.

### C. Witnesses' Fees

Defendants seek taxation of costs for witness fees and mileage for Christopher Wertenbach's attendance at his deposition and the trial witness fees and mileage for Lorrie Schreibung Gordan on two separate occasions and Kim Rose, R.N. Doc. 425 at 5. Section 1920(6) permits "compensation for court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1821(b)." Under 28 U.S.C. 1821(b), a witness shall be paid an attendance fee of $40.00 per day. Section 1821 also permits reimbursement for mileage, toll charges, and parking fees (upon presentation of a valid parking receipt). However, Defendants do not provide any detail concerning the mileage the witnesses'

drove, or parking fees. Thus, the Court awards the taxation of costs for the witness fees per diem rate ($40.00 x 4) totaling **$160.00**, but denies Defendants' motion regarding the remaining request for mileage costs.

ACCORDINGLY, it is hereby

**ORDERED:**

Defendants' joint motion for taxation of costs is granted in part and denied in part (Doc. 425) as set forth herein. Plaintiff is taxed costs totaling **$7921.80**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 30th day of August, 2017.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

FTMP-1
Copies: All Parties of Record